**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**UNITED STATES OF AMERICA**

**v.**                                                   **CRIMINAL NO. 2:18-cr-00215-001**

**JAY JAMES FIELDS**

## SENTENCING MEMORANDUM OF THE UNITED STATES

The United States Supreme Court's decision of *Rehaif v. United States*, 139 S.Ct. 2191 (2019) requires the United States to prove that the defendant knew that he was prohibited at the time of possession. The United States asserts that the defendant's joint stipulation satisfies that element. Out of abundance of caution, the United States requests this Court provide the defendant with an opportunity to admit knowledge of status on the record at the sentencing, or to withdraw his plea under Rule 11(d)(2) of the Federal Rules of Criminal Procedure.

The United States further offers this Sentencing Memorandum outlining its position regarding the presentence report.

### I. Overview

#### A. *Defendant's Plea*

On September 26, 2018, Defendant was charged in a single-count indictment with being a felon in possession of a firearm (Count One). On April 3, 2019, Defendant pled guilty to being a felon in possession of a firearm.

*B.  Guideline Range*

The United States Probation Officer ("USPO") calculated Defendant's base offense level as 14.  USPO incorporated a two-point reduction for acceptance of responsibility (to which the United States does not object), resulting in a total offense level of 12.  *PSR, para.* 29-30. Defendant's total offense level of 12, combined with his criminal history category of III, results in a guideline range of 15 to 21 months.  *Id.*, para. 82.  The United States does not object to the USPO's calculation of Defendant's guideline range.

## II.  18 U.S.C. § 3553(a) Factors

*A.  Nature and Circumstances of the Offense*

On November 3, 2017, a deputy with the Logan County Sheriff's Department responded to 911 call regarding possible drug activity and suspicious people in the Greenville Road, Logan County, West Virginia.  The deputy made contact with defendant and a female with him.  The deputy asked the defendant and female to step off the roadway, especially due to the safety reasons, and to speak with them.  Defendant did not comply and instead ran.  During the dispute, defendant had a firearm in his hand, and eventually threw the firearm, .45 caliber Hi-Point pistol, which was recovered by the deputy.  Defendant jumped off a bridge into the river. Defendant eventually was arrested.  Defendant previously had been convicted on or about June 2, 2004, in the Circuit Court of Mingo

County, West Virginia, of Entry of a Building Other Than a Dwelling, in violation of W.Va. Code 61-3-12, and had knowledge that he was prohibited from having a firearm in his possession. Therefore, Defendant was a prohibited person from being in possession of a firearm when he possessed the firearm on November 3, 2017.

Defendant's applicable Guideline range starts at 15 months up to 21 months. Defendant's dangerous conduct justifies a sentence within the guideline range. The United States argues that a downward departure from the guidelines would not fully hold Defendant accountable for the applicable conduct.

B. *History and Characteristics of the Defendant*

Mr. Fields has a long history of criminal conduct, including breaking an entry, destruction of property, and petit larceny. Defendant's conduct also includes a number of instances where he refused to comply with instructions from law enforcement, fleeing from officer which occurred in this matter and obstructing an officer.

C. *Need for the sentence imposed (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant and (3) to provide the public from further crimes of the defendant and (3) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.*

3

Mr. Field's conduct is of a serious nature. In light of Defendant's conduct and recidivism, the United States argues that a sentence within the Guideline range is sufficient but not greater than necessary to accomplish the relevant statutory sentencing objectives in this case, particularly the needs to account for the serious nature of the offense,[1] protect the community from defendant while he is incarcerated,[2] and deter defendant from committing future, similar crimes.[3]

**III. Additional Element in 922(g) Offenses.**

The Supreme Court held that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like" is an element of a section 922(g) offense. *Rehaif v. United States*, 139 S.Ct. 2191, 2197 (2019). The United States recognizes the decision in *Rehaif* requires it to prove that the defendant knew the fact(s) that made his possession of a firearm or ammunition unlawful. The United States met its burden when the defendant stipulated as follows:

> I ran from the Deputy Sheriff, causing him to give chase. During the chase, I discarded the pistol, and it was retrieved by the Deputy Sheriff. I was not allowed to possess the firearm because I had been previously convicted of the felony offense of entry of building other than a dwelling in violation of West Virginia Code § 61-3-12, in the Circuit Court of Mingo County, West Virginia on or about June 2, 2004."

---

[1] 18 U.S.C. § 3553(a)(2)(A).

[2] 18 U.S.C. § 3553(a)(2)(C).

[3] 18 U.S.C. § 3553(a)(2)(B).

*Plea Agreement and Ex. A, Joint Stipulation*, ECF #41.

## IV. Conclusion

WHEREFORE, the United States requests the Court to address the decision of *Rehaif* at the sentencing by granting the defendant the option to admit that he knew the facts that made his possession of a firearm or ammunition unlawful, or to permit defendant to withdraw his plea pursuant to Rule 11(d)(2) of the Federal Rules of Criminal Procedure. The United States also argues that the Court should impose a sentence that falls within the advisory guideline range. Such a sentence would be sufficient but not greater than necessary to meet the goals of sentencing set forth in 18 U.S.C. § 3553(a).

United States anticipates that the sentencing should last approximately 30 minutes.

<div style="margin-left:40%">

Respectfully submitted,

MICHAEL B. STUART
United States Attorney


By:  s/Christopher R. Arthur
     CHRISTOPHER R. ARTHUR
     Assistant United States Attorney
     WV State Bar No. 9192
     300 Virginia Street, East
     Room 4000
     Charleston, WV  25301
     Phone: 304-345-2200
     Fax: 304-347-5104
     E-mail: chris.arthur@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Sentencing Memorandum of the United States" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 6th day of August, 2019, to:

Andrew J. Katz, Esquire
Katz Working Families Law Firm
100 Capitol Street #1106
Charleston, WV 25301

s/Christopher R. Arthur
CHRISTOPHER R. ARTHUR
Assistant United States Attorney
WV State Bar No. 9192
300 Virginia Street, East
Room 4000
Charleston, WV  25301
Phone: 304-345-2200
Fax: 304-347-5104
E-mail: matt.davis@usdoj.gov