IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                                Docket No.: 2:18-cr-215

JAY JAMES FIELDS

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW Defendant Jay Fields, by counsel, Andrew J. Katz and files this Sentencing Memorandum.

### I. INTRODUCTION

Defendant pled guilty to one count of a Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). For these offenses, Mr. Fields is subject to a statutory penalty of not more than 10 years of imprisonment, not more then a $250,000.00 fine and a three-year term of supervised release. Mr. Fields must also pay a one hundred dollar ($100.00) special assessment.

The United States Probation Office (USPO), in its Pre-Sentencing Investigative Report (PSR) has found that, under the United States Sentencing Guidelines (hereinafter referred to as the "Sentencing Guidelines" or "Guidelines"), Mr. Field's base offense level to be 14. From that level, two levels were reduced for acceptance of responsibility. Additionally, the USPO found that Mr. Fields has six criminal history points (three points for entering a building other then a dwelling in 2002, one point for destruction of property in 2014 and two points for petit larceny-taking approximately $12.00 in cash and a few personal items-in 2015), so he is in Criminal

History Category III. With an offense level of 12 and criminal history Category III, Ms. Fields was found to have a Guideline sentence range of 15-21 months incarceration. Mr. Fields has been incarerated in federal custody since January 10, 2019. Moroever, Mr. Fields was in state custoday for approximately two months in July and August, 2018 for these charges under state custody. Mr. Fields request a downward variance to be released for time served, or at least to be released to home confinement or a residential drug treatment facility.

## II. LEGAL ISSUES PERTAINING TO GUIDELINE RANGE AND RELEVANT CONDUCT

There are no legal issues to resolve.

## III. STATUTORY SENTENCING FACTORS

As this Court is aware, it has great discretion to depart from the Guideline sentencing range if such decision is supported by the defendant's individual factors under 18 U.S.C. Section 3553. For the reasons discussed below, Mr. Fields requests that this Court apply a downward variance in his case.

**1. The Nature of the Offense and History and Characteristics of Defendant.**

On November 3, 2017, Mr. Fields was caught by the Logan County Sheriff's Department possessing a weapon when he was legally prohibited from doing so. Mr. Fields was apprehended subsequent to an anonymous tip to the Logan County 911 Center and reported on two "suspicious" people who the caller thought might be carrying drugs. The caller also thought the male was carrying a gun. The 911 dispatcher made a call out for a law enforcement officer in the

Greenville area, and/or on Greenville Road. After receiving a reply, the dispatcher asked that the Deputy Sheriff to be on the look out for two "suspicious" individuals, a white male wearing a hoodie and blue jeans and a white female wearing a pink sweater who were walking towards Man, West Virginia. A Deputy Sheriff responded to the call. On seeing Mr. Fields and his girlfriend stopped his vehicle, got out and told the couple that he wanted to talk to them and directed them to go stand by the end of his vehicle. When Mr. Fields did not respond, the Deputy repeated his order to go stand by his vehicle so he could question Defendant. Defendant panicked and attempted to flee. The Deputy pursued. During the pursuit, Defendant dropped the gun that he was carrying. Was arrested at the time, but no charges were immediately pursued.

Subsequently, Mr. Fields was incarcerated for approximately two months in July and August of 2018. During that time, apparently there was a discussion among the relevant law enforcement agencies regarding whether Mr. Fields would be charged by the State of West Virginia or The United States of America. Ultimately, federal charges were filed through indictment.

Mr. Fields was again arrested on these charges on January 10, 2019. Mr. Fields filed a Motion to Suppress, which was ultimatey unseccessful. Thereafter, Mr. Fields pled guilty to the one count indictment on April 3, 2019.

Mr. Fields admits that he has engaged in significant criminal activity. As set forth herein, Defendant ossessed a firearm when he was legally required not to do so. The appropriate penalty for this criminal behavior must be viewed not only from a mechanical consideration of the Guideline range, but considered in light of the time Defendant has already served and an individualized view of Mr. Fields.

As demonstrated in the PSR, Mr. Fields had anger issues as a young man. These issues

were combined with depression and anxiety. Mr. Fields mental condition was so serious, his father had him committed for his own good in 2005. Even today, Defendant could probably by helped by counseling.

Moreover, Mr. Fields does have an ongoing issue with drug use. Again, this is fully described in the PSR. Mr. Fields would benefit from treatment. Because of the amount Mr. Fields would be incarcerated under the Guideline range, he is very unlikely to obtain any drug treatment while in the custody of the BOP.

**2. The Need for the Sentence to Reflect the Seriousness of the Offense, to Uphold Respect for the Law, to Act as a Deterrent to Protect the Public, and Provide Defendant with Education, Training and Rehabilitation.**

Defendant believes that a sentence below the Guideline range would still be significant enough to satisfy the first three factors and would enhance the satisfying of the last factor.

**3. Types of Sentences Available.**

Under the Guidelines, Mr. Fields is not eligible for any sentence other than incarceration.

**4. Sentence Range Established by the Sentencing Guidelines.**

As stated in the PSR, Defendant's Guideline range is 15-21 months of incarceration.

**5. Policy Statements.**

The policy statement underlying the Sentencing Guidelines are found at 28 U.S.C Section 994. None of the factors listed therein are particularly relevant to this matter.

**6. Sentence Disparity.**

Defendant knows of no issue of sentence disparity.

## VII. CONCLUSION

Mr. Fields requests a downward variance from her Guideline Sentence for the reasons contained herein.

                                              JAY JAMES FIELDS
                                              By Counsel

   S/ Andrew J. Katz
Andrew J. Katz (6615)
The Katz Working Families' Law Firm, LC
The Security Building, Ste 1106
100 Capitol Street
Charleston, West Virginia   25301
(304) 342-5579

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.  Docket No.: 2:18-cr-215

**JAY JAMES FIELDS**

    **Defendant.**

## CERTIFICATE OF SERVICE

    I, Andrew J. Katz, counsel for Defendant Jay James Fields. do hereby certify that I have on the 9th day of August, 2019 caused to be served a true copy of Defendant's **SENTENCING MEMORANDUM** via email transmission through the CM/ECF filing system on the following individual:

                              Christopher Arthur, Assistant
                              United States Attorney

  S/ Andrew J. Katz
Andrew J. Katz (6615)